No. 31,937

THE STATE OF KANSAS, ex rel. ROLAND BOYNTON, Attorney-general, etc., *Appellant,* v. E. J. ENGLEHART, GLENN SHERLOCK and ROY COOK, as the Board of Directors of Bronson School District No. 92 in Bourbon County, DONALD LIDIKAY and GROVER WEST, *Appellees.*

(40 P. 2d 329)

Opinion filed January 26, 1935.

*Roland Boynton,* attorney-general, *W. C. Ralston,* assistant attorney-general, *Frank O'Brien,* county attorney, and *Harry W. Fisher,* of Fort Scott, for the appellant.

*Douglas Hudson* and *B. Hudson,* both of Fort Scott, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action against the members of the school board, and the principal of the school, of a common-school district in which is a city of the third class and which maintains a high school, to enjoin them from using the moneys of the school district for the purchase of a bus, paying expenses of its upkeep and operation, including services of a driver, for the purpose of transporting pupils from without the district to attend the high school within the district. Plaintiff contends such use of the money of the school district is not authorized by law. After a hearing on the merits the trial court denied the injunction and rendered judgment for defendants. Plaintiff has appealed.

At the trial, when the court was advised of the nature of the controversy, it directed that the action be dismissed against the principal of the school. Appellant complains of that order. Authority to expend school-district money is vested in the school board, not in the principal of the schools. Therefore, the order dismissing the action as against the principal was proper.

The school board's defense was that the making of the expenditures complained of had been discontinued before the action was brought; that it had determined not to make such expenditures in the future, and to sell the bus previously used for the transportation of such pupils; that the bus was sold soon after the action was brought, and as soon as authority for its sale could be obtained from a school-district meeting; and that at the time of the trial of the action no such expenditures as plaintiff complained of were being made, or contemplated. There was evidence to support this defense. While the trial court made no special findings of fact, its judgment for defendants necessarily embodied the finding of all material facts in their favor. In that view the court could not do otherwise than render judgment for defendants, for a practice which does not exist, and is not in contemplation, cannot prudently be enjoined.

The judgment of the trial court is affirmed.